UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| KATHY D. JONES, | ) | CIV. 06-5075-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING PLAINTIFF'S |
| vs. | ) | MOTION TO COMPEL |
| | ) | PRODUCTION AND/OR |
| NATIONAL AMERICAN UNIVERSITY, a | ) | INSPECTION |
| division of Dlorah, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff moves to compel production and/or inspection of documentation related to wage information of Angela Beck and any other person holding the Director of Admissions position at National American University (NAU) from August 2004 to present pursuant to Federal Rule of Civil Procedure 45(B)(i). Defendant opposes the motion. The motion is denied.

**FACTUAL BACKGROUND**

This matter has been pending since September 2006. The discovery deadline was October 19, 2007. Summary judgment was denied on May 5, 2008. Trial is scheduled to commence on November 4, 2008.

On July 11, 2008, plaintiff sent a letter to NAU requesting Angela Beck's wage information and records along with an explanation of any pay changes. Docket 71-2, Exhibit C, at p. 12. On July 21, 2008, NAU responded with a letter, stating that the discovery deadline had passed and, as a result, it was not obligated to provide the requested information. Docket 71-2, Exhibit D, at p.

14. On August 13, 2008, plaintiff served a subpoena on NAU, demanding production and inspection of "[w]age information and records from August 2004 to present for Angela Beck and any other person holding the Director of Enrollment Management or Director of Admissions position or other similar titles from August 2004 to present." Docket 71-2, Exhibit E, at p. 16. On August 19, 2008, NAU served objections to plaintiff's subpoena. Docket 71-2, Exhibit F, at p. 19, 21. Subsequently, on September 4, 2008, plaintiff filed this motion to compel production. Docket 68.

## DISCUSSION

### I. Production of Documents

#### A. Federal Rules of Civil Procedure 34 and 45

Federal Rules of Civil Procedure 34 and 45 govern the production of documents and tangible things in civil discovery. Rule 34(a) permits a party to serve on any other party a request for the production of documents or things within that party's possession, custody, or control, while Rule 34(c) provides that a person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45. Because Rule 34 specifically references a procedure for obtaining documents from a party and specifically states that documents can be obtained from non-parties pursuant to Rule 45, the court finds that the language of Rule 34 indicates that it applies to documents requested from parties and Rule 45 applies to documents requested from non-parties.

This conclusion is further supported by the advisory committee notes to Rule 45. The advisory committee notes recognize that one of the purposes of Rule 45 is "to facilitate access outside the deposition procedure provided by Rule 30 to documents and other information in the possession of persons who are not parties." Fed. R. Civ. P. 45, advisory committee notes. Additionally, the advisory notes indicate that under Rule 45, "[t]he non-party witness is subject to the same scope of discovery under this rule as that person would be as a party to whom a request is addressed pursuant to Rule 34." Id. See also 9A Wright and Miller, Federal Practice & Procedure, § 2425 (stating that Rule 45 "subject[s] a nonparty witness to the same scope of discovery as that person would be as a party to whom a request for documents and other materials is addressed pursuant to Rule 34"). These comments presume that Rule 45 applies to individuals who are not parties to the lawsuit.

Moreover, cases interpreting Rule 34 and Rule 45 demonstrate that Rule 34 applies to documents requested from parties and Rule 45 applies to documents requested from non-parties. While some courts have stated that a subpoena duces tecum under Rule 45 applies to both parties and non-parties, those courts have made such statements in dicta because the cases involved the issuance of subpoenas duces tecum to non-parties. See Badman v. Stark, 139 F.R.D. 601, 603 (M.D. Pa. 1991) (stating that a subpoena under Rule 45 may be served upon both party and non-party witnesses but determining that because

the individuals that plaintiff sought discovery from were not parties to the lawsuit, production for documents could be compelled only by a subpoena duces tecum issued under Rule 45) and Cont'l Coatings Corp. v. Metco, Inc., 50 F.R.D. 382, 384 (N.D. Ill. 1970) (stating that a subpoena under Rule 45 may be served upon both party and non-party witness but finding that Rule 45 applied to the request for documents because the individuals were not parties to the action). But courts considering subpoenas duces tecum issued to parties have concluded that Rule 45 does not apply to parties. Hasbro, Inc. v. Serafino, 168 F.R.D. 99, 100 (D. Mass. 1996) (stating "Rule 45, to the extent it concerns discovery, is still directed at non-parties and . . . Rule 34 governs the discovery of documents in the possession or control of the parties themselves") and Contardo v. Merrill Lynch, Pierce, Fenner, & Smith, 119 F.R.D. 622, 624 (D. Mass. 1988) (stating that "[d]iscovery of documents from a party is *not* accomplished pursuant to Rule 45(b) [because] [t]hat rule governs discovery of documents in the possession, custody and/or control of non-parties [while] [d]iscovery of documents from parties is governed by Rule 34") (emphasis in the original).

     Based upon the plain meaning of the rules, the committee notes of the rules, and case law interpreting the rules, the court finds that Rule 34 governs the discovery of documents in the possession or control of the parties themselves and Rule 45 concerns obtaining discovery from non-parties.

Accordingly, because plaintiff requested documents from the defendant, NAU, Rule 34 governs. Plaintiff improperly served a subpoena on NAU pursuant to Rule 45 rather than seeking the production of the documents pursuant to Rule 34. Accordingly, plaintiff's motion should have been made pursuant to Rule 34 and is untimely because it was made more than ten months after the discovery deadline. Therefore, plaintiff's motion to compel is denied.

### B. Timeliness of Motion

Even if Rule 45 does apply to obtaining documents from parties, the court finds that plaintiff's motion is untimely. "Rule 45 Subpoenas, which are intended to secure the pretrial production of documents and things, are encompassed within the definition of 'discovery,' as enunciated in Rule 26(a)(5) and, therefore, are subject to the same time constraints that apply to all of the other methods of formal discovery." Marvin Lumber & Cedar Co. v. PPG Indus., Inc., 177 F.R.D. 443 (D. Minn. 1997). See also McNerney v. Archer Daniels Midland Co., 164 F.R.D. 584, 588 (W.D.N.Y. 1995) (stating that "when a plaintiff . . . is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied") and Rice v. United States, 164 F.R.D. 556, 557, 558 (N.D. Okla. 1995) (stating that "Rule 45 subpoenas duces tecum . . . constitute discovery [and that] [d]efendant was not free . . . to issue subpoenas duces tecum after the discovery deadline").

Here, the discovery deadline set by the court was October 19, 2007. Docket 36. Plaintiff served a subpoena duces tecum on NAU to produce documents relating to wages on August 13, 2008, almost ten months after the discovery deadline. Docket 71-2, Exhibit E. Because a subpoena duces tecum is considered a discovery mechanism, it should have been served before the discovery deadline. Therefore, plaintiff's request for documents was untimely. Significantly, plaintiff did not move to extend the discovery deadline, and she has offered no reason as to why she served the subpoena duces tecum over ten months after the discovery deadline. Further, plaintiff will not be prejudiced by denial of this motion because plaintiff has indicated in her pretrial submissions that she plans to call at trial the NAU custodian of records for pay information regarding the Director of Admissions position. Docket 74, at p. 1.

**II.    Expenses**

Federal Rule of Civil Procedure 37(a)(5)(B) provides that if a motion to compel is denied, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," unless "the motion was substantially justified or other circumstances make an award of expenses unjust."

A motion is "substantially justified" if it raises an issue about which "there is a 'genuine dispute,' or 'if reasonable people could differ as to the

6

appropriateness of the contested action.'" Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988) (citations omitted). The court finds that plaintiff was reasonable in her view that she could obtain documents from NAU through a subpoena duces tecum because there is no controlling authority in this circuit addressing this issue and few cases, in general, that directly address this issue. Further, despite the fact that plaintiff cannot obtain the requested documents through this motion, the contents of such documents can properly be admitted into evidence during trial through testimony. Therefore, the court finds that plaintiff was substantially justified in filing her motion to compel and, as a result, defendant is not entitled to an award of its expenses.

Based on the foregoing, it is hereby

ORDERED that plaintiff's motion to compel production and/or inspection (Docket 68) is denied.

IT IS FURTHER ORDERED that defendant's request for expenses is denied.

Dated October 16, 2008.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE