UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| KATHY D. JONES, | ) | CIV.  06-5075-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER ON FRONT PAY, |
| vs. | ) | ATTORNEY'S FEES, |
| | ) | AND COSTS |
| NATIONAL AMERICAN UNIVERSITY, | ) | |
| a division of Dlorah, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Kathy Jones, moves the court for an order granting front pay and attorney's fees pursuant to the Age Discrimination and Employment Act (ADEA).  Defendant, National American University (NAU), opposes the motion.  Additionally, both Jones and NAU move the court to review and modify the Clerk's taxation of costs in this matter.

**DISCUSSION**

I.    **Front Pay**

A plaintiff who succeeds in proving that impermissible discrimination was a motivating factor in an employment decision may receive front pay as a form of relief.  <u>Excel Corp. v. Bosley</u>, 165 F.3d 635, 639 (8th Cir. 1999).  Reinstatement represents another form of relief.  In some situations, however, reinstatement is impossible or impracticable.  <u>Id.</u>  Where the court decides against reinstatement, "it then has discretion whether or not to award front pay."  <u>Standley v. Chilhowee R-IV Sch. Dist.</u>, 5 F.3d 319, 322 (8th

Cir. 1993).  Plaintiff has the burden of proving the basis for an award of front pay.  <u>Curtis v. Elecs. & Space Corp.</u>, 113 F.3d 1498, 1503 (8th Cir. 1997).

The jury's verdict does not control the question of front pay, even though the court cannot reject findings that were properly submitted to the jury.  <u>Curtis</u>, 113 F.3d at 1504.  The court must determine whether front pay is appropriate based on the totality of the circumstances.  <u>Excel</u>, 165 F.3d at 640.

The Eighth Circuit has determined that generally, employees are entitled to reinstatement only if they were actually or constructively discharged.  <u>Major v. Rosenberg</u>, 877 F.2d 694, 695 (8th Cir. 1989).  "Front pay is an alternative remedy to reinstatement."  <u>Sellers v. Mineta</u>, 358 F.3d 1058, 1065 (8th Cir. 2004).  Accordingly, it necessarily follows that as a general rule, employees are entitled to awards of front pay only if they were actually or constructively discharged from their employment.

Other circuits have reached similar conclusions.  <u>See</u> <u>Betts v. Costco Wholesale Corp.</u>, 558 F.3d 461, 475 (6th Cir. 2009) (finding that front pay was not available to a plaintiff that had not been actually or constructively terminated); <u>Hertzberg v. SRAM Corp.</u>, 261 F.3d 651, 659 (7th Cir. 2001) (opining that an individual that leaves his or her employment as a result of the discrimination must show either an actual or constructive discharge in order to receive reinstatement or front pay); and <u>Mallinson-Montague v. Pocrnick</u>, 224 F.3d 1224, 1236-37 (10th Cir. 2000) (determining that the

plaintiffs were not entitled to front pay because the jury rejected their claims that they were constructively discharged). Other district courts have determined that front pay is not available when a plaintiff voluntarily leaves his or her employment. See Bexley v. Dillon Cos., 2006 WL 758474, at *4 (D. Colo. Mar. 23, 2006) (explaining that if the plaintiff voluntarily left his or her employment, the plaintiff was not allowed to recover front pay); Brady v. Wal-Mart Stores, Inc., 2005 WL 1521407, at *6 (E.D.N.Y June 21, 2005) (declining to award the plaintiff front pay because the plaintiff failed to prove his constructive discharge); Donnell v. England, 2005 WL 641749, at *2 (D.D.C. Mar. 17, 2005) (stating that because the "[p]laintiff [did] not claim constructive termination, nor would the record support such a finding[, the plaintiff's] resignation was voluntary, and accordingly no reinstatement or front pay will be awarded"); and Smith v. Monsanto Co., 9 F. Supp. 2d 1113, 1118 (E.D. Mo. 1998) (stating that "[b]ecause the jury found that [the] defendant did not constructively discharge [the] plaintiff, and [was] not otherwise liable for the cessation of [the] plaintiff's employment with [the] defendant . . . , [the] plaintiff [was] not entitled to any front pay").

Applying this general rule to this case, the court finds that Jones is not entitled to front pay. In its order granting in part and denying in part NAU's motion for summary judgment, the court found that Jones failed to set forth sufficient evidence to prove her constructive discharge claim. Docket 57 at 15. The court noted that even when viewing the facts in the light most

favorable to Jones, the working conditions were not so intolerable that a reasonable person would be forced to quit.  Id.  As such, it would not be appropriate to award Jones front pay in this case because she was not actually or constructively discharged from her employment.  Rather, she voluntarily left her position.  Accordingly, Jones is not entitled to recover front pay and her motion is denied.

## II.    Attorney Fees

A prevailing plaintiff in an ADEA action is entitled to an award of reasonable attorney's fees.[1]  A prevailing party is defined as a party who succeeds "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."  Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983).  Here, the $17,565 verdict against NAU makes Jones a prevailing party, thereby entitling her to a reasonable attorney's fee award.

"[T]he proper method for determining a reasonable attorney's fee is to multiply the number of hours reasonably expended on the litigation times a reasonable hourly rate."  McDonald v. Armontrout, 860 F.2d 1456, 1458 (8th Cir. 1988).  The resulting product is called the "lodestar," which is presumed to be the reasonable fee to which counsel is entitled.  Id.  The court should

---

[1] Section 626(b) of the ADEA incorporates 29 U.S.C. § 216(b) of the Fair Labor Standards Act.  Section 216(b) provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

4

consider the factors identified in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir. 1974), to set the reasonable number of hours and reasonable hourly rate components of the fee award formula.  <u>Id.</u> at 1459.  These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

<u>Pennsylvania v. Del. Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 562 n.7, 106 S. Ct. 3088, 3097 n.7, 92 L. Ed. 2d 439 (1986).  <u>See also</u> <u>Cleverly v. Western Elec. Co.</u>, 594 F.2d 638, 642 (8th Cir. 1979) (using these twelve factors when determining whether attorney's fees were reasonable under the ADEA).

The determination of the lodestar does not end the inquiry.  "There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.' "  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).  In determining whether to adjust the award, the court may also consider the other <u>Johnson</u> factors, but the "results obtained" factor is

particularly important where the plaintiff succeeded on only some of her claims for relief.  Id. at 434 n.9.

**A.  Lodestar**

First, the court must determine the number of hours reasonably expended by Jones's attorney, and the reasonable hourly rate for his services.  The court will consider the relevant Johnson factors in making this determination.

**1.  Time and Labor Required**

Jones requests an award of fees for work performed by her attorney, Jon LaFleur.  Jones initially requested fees for 259 hours of work performed by LaFleur.  To demonstrate the hours that Jones's counsel spent working on this case, Jones submitted a log indicating how many hours her counsel spent on various matters relating to the case from March 8, 2007, to December 9, 2008.  Docket 155-2.  Jones subsequently requested fees for 36.40 hours.  Attached to this supplemental request, Jones included a log of hours spent by her attorney on this case from December 11, 2008, to January 26, 2009.  Docket 180-3.   As such, Jones requests attorney's fees for a total of 295.40 hours.

**2.  The Preclusion of Other Employment by the Attorney**

Attorney LaFleur indicated that he is a solo practitioner.  Attorney LaFleur further noted that his only support staff is his legal secretary whom he shares with Rebecca Porter, an attorney.  Docket 180.  It necessarily

follows that the time spent by LaFleur in relation to this case precluded other employment by him because he does not have any law partners to provide him assistance on this or any other case. Accordingly, the court finds that this factor is significant in determining LaFleur's reasonable attorney's fees.

### 3. Experience, Reputation, and Ability of Attorney

Jones requests that attorney LaFleur be compensated at a rate of $200 per hour. NAU objects to the requested rate for attorney LaFleur and suggests that a reasonable hourly rate in the locality is $135 to $175 per hour. To determine a reasonable hourly rate, the court is to look at "the ordinary rate for similar work in the community where the case has been litigated." Fish v. St. Cloud State Univ., 295 F.3d 849, 851 (8th Cir. 2002). The court may determine reasonable hourly rates in the community where the lawsuit is pending based on its own knowledge of prevailing rates in the locality. Creative Res. Group of New Jersey, Inc. v. Creative Res. Group, Inc., 212 F.R.D. 94, 103-104 (E.D.N.Y. 2002) (holding that "it is within the judge's discretion to determine reasonable fees based on his or her knowledge of prevailing community rates").

The court finds that $180 per hour is a reasonable rate for attorney LaFleur's services. Attorney LaFleur has practiced law for approximately twenty-six years. He has tried numerous cases in both state and federal courts in a multitude of areas, including personal injury, civil rights,

contracts, foreclosures, product liability, and criminal. He is the only attorney that has been working on Jones's case.

Recently, the court found that $180 per hour was a reasonable hourly rate for experienced trial attorneys in Rapid City. Bishop v. Pennington County, 2009 WL 1364887 at *6 (D.S.D. May 14, 2009). In that case, the plaintiff brought suit against the defendant, arguing that she was sexually harassed and retaliated against for complaining about such harassment, in violation of Title VII and the South Dakota Human Rights Act of 1972. Id. at *1. The court awarded attorneys' fees at a rate of $180 per hour for the work done by attorney Michael Hickey, attorney Daniel Duffy, and attorney Jeffrey Hurd, all partners at the Bangs McCullen Law Firm. Id. at *6. Each of these attorneys have practiced law for between nineteen and thirty-two years. Additionally, these attorneys practice in a variety of different legal areas. The court finds that because LaFleur's experience is similar in kind to these attorneys, the reasonable rate for attorney LaFleur's services is $180 per hour.

The court has considered the remaining Johnson factors and finds that they do not weigh in favor of increasing or decreasing the number of compensable hours or the hourly rate for Jones's attorneys. Accordingly, when calculating the lodestar amount, the court will utilize 295.40 hours at $180 per hour. Thus, the lodestar amount is $53,172.

## B. Adjustment

If the prevailing party did not achieve success on all claims, this court, in its discretion, may reduce the lodestar amount. Simpson v. Merchants & Planters Bank, 441 F.3d 572, 580 (8th Cir. 2006). When unsuccessful claims cannot be clearly separated from the claim or claims on which the party prevailed, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Hensley, 461 U.S. at 435, 103 S. Ct. at 1940. The district court "may simply reduce the award to account for the limited success." Id. at 436-37, 103 S. Ct. at 1941. Indeed, "[t]he court necessarily has discretion in making this equitable judgment." Id. at 437, 103 S. Ct. at 1941. "The district court may *either* attempt to identify and then eliminate the hours spent on non-compensable claims *or* may simply reduce the award to account for the plaintiff's limited success." H.J., Inc. v. Flygt Corp., 925 F.2d 257, 260 (8th Cir. 1991) (emphasis supplied). The former is not possible, so the court will reduce the award to account for Jones's degree of success.

Here, Jones brought suit against NAU alleging that it engaged in age discrimination when it failed to promote her to the Director of Admissions position and that it constructively discharged her. Docket 31. NAU was granted summary judgment on Jones's constructive discharge claim and therefore, Jones was unsuccessful on that claim. Docket 57. But Jones was

successful on her failure to promote age discrimination claim. The jury determined that NAU willfully engaged in age discrimination when it failed to promote Jones to the Director of Admissions position. Docket 140.

The court concludes that a reduction for partial success is appropriate here because Jones's success was only partial. Therefore, the court will reduce the lodestar by a percentage to account for Jones's limited success. In determining the appropriate percentage, the court has considered that Jones's claim for constructive discharge was not the primary legal theory advanced by Jones in this lawsuit. Significantly, as noted above, the jury found that NAU willfully discriminated against Jones. Accordingly, the court finds that a reduction of 35 percent of the lodestar is appropriate for the lack of success on Jones's constructive discharge claim.[2] After making this reduction, the court finds that Jones's counsel is entitled to $34,561.80 for his time spent working on this case.

---

[2] The court had reviewed other cases in which the lodestar was reduced because the plaintiff was only partially successful. The court finds that 35 percent in this case falls within the range of those cases. See, e.g., Fish, 295 F.3d at 852 (affirming 15 percent reduction is lodestar for lack of complete success on all claims); Polacco v. Curators of Univ. of Mo., 37 F.3d 366, 370 (8th Cir. 1994) (affirming reduction of unreported percentage in lodestar for lack of complete success on all claims); and H.J., 925 F.2d at 260 (affirming 20 percent reduction in lodestar for lack of precision in billing and 50 percent for lack of success).

## C. Expenses

Jones initially requested $190.59 for non-taxable costs, which included costs for postage, long-distance telephone calls, and faxes, for the time period of March 12, 2007, to December 8, 2008.  Docket 155-2 at 10-14.  Jones subsequently requested an additional $50 in non-taxable costs, which included the cost of postage and faxes, for the time period of December 11, 2008, to January 29, 2009.  Docket 180-3 at 2-3.

The Eighth Circuit has held that "[r]easonable expenses, the sort that lawyers ordinarily include in their bills to clients, are recoverable as part of the reasonable attorneys' fee ordinarily awarded to prevailing plaintiffs in ADEA cases."  Neufeld v. Searle Labs., 884 F.2d 335, 342 (8th Cir. 1989).  The court finds that the expenses Jones's counsel attributed to postage, long-distance telephone charges, and fax charges are reasonable and therefore $240.59 is properly recoverable as part of the attorney's fee in this case.

Therefore, the court finds that the reasonable attorney's fees and expenses in this case is $34,802.39 plus sales tax of $2,088.14 and awards Jones that amount.

## III.  Costs

Pursuant to Federal Rule of Civil Procedure 54(d), costs other than attorney's fees are allowed to the prevailing party unless the court otherwise

directs. Such costs are limited to those enumerated 28 U.S.C. § 1920. A judge or clerk may tax as costs fees of the clerk and marshal; fees of the court reporter and for transcripts; fees and disbursements for printing and witnesses; fees for exemplification and copies of papers obtained for use in the case; docket fees; and compensation of court-appointed experts and interpreters. 28 U.S.C. § 1920. After the trial ended, Jones filed a Bill of Costs, a Supplemental Bill of Costs, and a Second Supplemental Bill of Costs.

### A.  Bill of Costs

On November 21, 2008, Jones filed a Bill of Costs, requesting costs from NAU in the amount of $3,071.26. Docket 146. Subsequently, on December 8, 2008, NAU filed objections to Jones's Bill of Costs. Docket 153. After considering the parties' filings, the Clerk of Court determined that costs should be taxed in favor of Jones and against NAU in the amount of $2,039.98. Docket 172. But both parties agree that based on the Clerk's findings and calculations, the amount entered should have been $2,101.51. Docket 176; Docket 184. NAU and Jones filed a motion requesting review and modification of the Clerk's taxation of costs. Docket 175; Docket 182. NAU contends that the Clerk incorrectly taxed Jones's costs relating to mileage fees for witness Tom Shea in excess of 100 miles and incorrectly taxed Jones's costs regarding fees for use of a private process server to serve

trial subpoenas.  Jones argues that the Clerk erred by failing to include her copying costs in the costs.  Jones submits that because she has provided additional information that details her copying expenses, such expenses should be included within her costs.

### 1. Travel Expenses for Witness Tom Shea

The Eighth Circuit has determined that the proper manner to determine costs associated with witness travel "is to limit travel expenses for witnesses outside the district to 100 miles absent special circumstances." Linneman Constr., Inc. v. Montana-Dakota Utils. Co., 504 F.2d 1365, 1371 (8th Cir. 1974).  Here, the court finds that Jones has presented no special circumstances to justify an allowance of mileage greater than 100 miles.  At the time Shea traveled to Rapid City in November 2008, the privately owned vehicle mileage reimbursement rate for federal employees was $0.585 per mile.  See www.usa.gov.[3]  Accordingly, the fees awarded in the Clerk's Taxation of Costs for Shea's mileage should be limited to $117.[4]  It follows that witness fees in relation to Shea should include $40 for attendance; $70

------

[3] With regards to witness travel expenses, "[a] travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed . . . for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle."  28 U.S.C. § 1821(c)(2).

[4] The court multiplied $0.585, which is the government employee rate per mile, by 200 miles, which is the distance Shea traveled round trip, to reach $117.

for subsistence, and $117 for mileage.  Thus, Jones is entitled to recover

$227 in relation to Shea's witness fees.  The objection to this portion of the

Clerk's Taxation of Costs is sustained.

### 2. Private Process Server

Numerous circuit courts that have addressed the issue of payment for

private process servers have permitted such cost to be recovered under

§ 1920.  See United States EEOC v. W & O, Inc., 213 F.3d 600, 624 (11th Cir.

2000) (holding that "private process service fees may be taxed pursuant to §§

1920(1) and 1921"); Collins v. Gorman, 96 F.3d 1057, 1060 (7th Cir. 1996)

(stating that it is "best to resolve the ambiguity of § 1920 in favor of

permitting the prevailing party to recover service costs that do not exceed the

marshal's fees, no matter who actually effected service"); and Alflex Corp. v.

Underwriters Labs., Inc., 914 F.2d 175, 178 (9th Cir. 1990) (holding "that

private process servers' fees are properly taxed as costs").  But the Eighth

Circuit has held to the contrary.  In Crues v. KFC Corp., 768 F.2d 230, 234

(8th Cir. 1985), the Eighth Circuit disallowed $250 for use of a special process

server because such expenses were not explicitly permitted by § 1920.

Because the Eighth Circuit has not revisited this ruling despite the split in

the circuits, in the absence of contrary controlling authority, this court is

bound by the Eighth Circuit's decision that private service fees are not

taxable.  Accordingly, the court will not permit the requested $184.95 as

costs and the objection to this portion of the Clerk's Taxation of Costs is sustained.

### 3. Copying Costs

Jones's motion for review of the Clerk's Taxation of Costs is untimely. Under Local Rule 54.1(A), Jones had seven days after the Clerk entered costs in which to bring a motion requesting that the court review the Clerk's actions. Here, the Clerk entered costs on January 14, 2009, and therefore, Jones's motion for review would have been due by January 23, 2009. But Jones's motion for review was not filed until January 30, 2009, seven days after the deadline. Although Jones's motion for review was untimely, the time limitation for filing motions for review of the clerk's taxation of costs is not jurisdictional and the court may act upon the motion even if it is tardy. See United States v. Kolesar, 313 F.2d 835 (5th Cir. 1963). Significantly, NAU was not prejudiced in any way by Jones's untimely motion because NAU filed an objection to Jones's motion, explaining why Jones's motion should be denied. As such, the court will consider the issue of copying costs that Jones raises in her motion for review.

The district court has substantial discretion in awarding costs. 168th and Dodge, L.P. v. Rave Reviews Cinemas, LLC, 501 F.3d 945, 957 (8th Cir. 2007). Pursuant to 28 U.S.C. § 1920(4), "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily

obtained for use in the case" may be taxed as costs. Copying costs may not

be taxed if the parties incurred such costs by "copying their own pleadings

and motions for filing with the court, serving opposing counsel, or

transmitting to their clients; nor does the cost statute cover a party's copying

of documents to be produced in discovery, or copying research materials for

the convenience of counsel." Sphere Drake Ins. PLC v. Trisko, 66 F. Supp.

2d 1088, 1093 (D. Minn. 1999), aff'd, 226 F.3d 951 (8th Cir. 2000). Such

costs are not taxable because they are not copies of papers "necessarily

obtained for use in the case." Id. Rather, the phrase "necessarily obtained

for use in the case" covers the cost of actually trying a case in the courtroom,

and includes documents and exhibits used at trial. See id.

Here, there are only three items sufficiently identified by Jones on

Exhibit A that were "necessarily obtained for use in the case." First, the 460

copies of trial exhibits used during trial are copies of documents that were

actually used during the trial. Second, the 12 color copies of Jones's awards

were made specifically to be used at trial as exhibits. Third, Jones used Copy

Country to create digital color photos of the awards Jones received during

her time at NAU. Again, these color photos were intended to be used at trial

as exhibits.[5] The other items identified by Jones are primarily copies of

_____

[5] Although Jones's counsel ultimately used Jones's physical awards as
exhibits at trial, rather than copies of them, this does not preclude Jones from
recovering these copying costs.

correspondence with opposing counsel, witnesses, and the court. Because these documents were not used during the trial, they are not included within the copy costs. Accordingly, Jones is entitled to recover copying costs in the amount of $111.61.[6]

### B. Supplemental Bill of Costs and Second Supplemental Bill of Costs

On January 30, 2009, Jones filed a Supplemental Bill of Costs, requesting $1,444.84 in costs from NAU. Docket 181. Thereafter, on February 18, 2009, Jones filed a Second Supplemental Bill of Costs, requesting $49.70 in costs from NAU. Docket 186. As a result, NAU filed an objection to Jones's Supplemental Bill of Costs and Second Supplemental Bill of Costs. Docket 188.

The district court may consider the opposing counsel's motion relating to costs even though the court clerk has not taxed costs. Nelson v. Darragh Co., 120 F.R.D. 517, 518 (W.D. Ark. 1988). See also Deering, Milliken & Co. v. Temp-Resisto Corp., 169 F. Supp. 453, 456 (S.D.N.Y. 1959) (stating that the language of the rule is permissive, so it does not restrict inherent power of the trial court to act even before the clerk taxes costs); United States v. 2,186.63 Acres of Land, Wasatch County, Utah, 464 F.2d 676, 678 (10th Cir. 1972) (trial court has power to tax costs before clerk action); and Syracuse

---

[6] The court calculated this figure by adding $92, which is 460 multiplied by $0.20, $9.60, and $10.01.

Broad. Corp. v. Newhouse, 32 F.R.D. 29, 29 (N.D.N.Y. 1963) (parties agreed to bypass clerk and items challenged were "peculiarly within the knowledge of the trial judge and would be practically an impossible burden for the Clerk to resolve with any degree of reason and certainty").  NAU is aware of Jones's supplemental Bill of Costs and second Supplemental Bill of Costs and has responded to both.

### 1. Supplemental Bill of Costs

In her Supplemental Bill of Costs, Jones requests $758.43 for court reporter and transcript fees; $76.80 for exemplification and copying fees; and $609.61 for other costs.  Docket 181.

According to 28 U.S.C. § 1920(2), a judge or clerk may tax as costs "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  The Eighth Circuit has held that the proper inquiry in deciding whether a given cost is "necessary" is whether the cost reasonably seemed necessary at the time the billing party incurred the cost.  Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997).  NAU filed its memorandum in support of its motion for judgment notwithstanding the verdict or, alternatively, for a new trial on January 7, 2009.  In its motion, NAU relied heavily on the trial transcript to make its arguments.  Docket 170.  Jones's Supplemental Bill of Costs indicates a charge of $758.43 for a trial transcript on January 21, 2009.  Docket 181-2.  Thereafter, on January 26,

2009, Jones filed her supplemental memorandum in opposition to NAU's motion. Docket 178. The sequence of these events indicates that Jones deemed the trial transcript necessary in order to enable her to adequately respond to NAU's motion. Thus, $758.43 is an appropriate cost in this case and Jones is entitled to recover it.

As discussed above, copying costs may not be taxed if the parties incur such costs by copying their own pleadings and motions for filing with the court, serving opposing counsel, or transmitting to their clients. Sphere Drake Ins. PLC, 66 F. Supp. 2d at 1093. In fact, copying costs only encompass the cost of actually trying a case in the courtroom. Jones's submission indicates that none of the copies she requested costs for were necessarily obtained for use in the case. Accordingly, Jones is not entitled to $76.80 for copies of papers.

Jones requests $609.61 for other costs, which are actually copying expenses. Jones previously sought this amount in her initial Bill of Costs. Specifically, Jones filed a motion for review and modification of the Clerk's Taxation of Costs, which contained a request for these expenses and an attachment detailing these costs. It would be duplicitous to award the copying costs again, so the motion is denied.

## 2. Second Supplemental Bill of Costs

In her Second Supplemental Bill of Costs, Jones requests $35.30 for transcript fees and $14.40 for exemplification and copying costs. Docket 186.

As discussed above, the cost of a transcript necessarily obtained for use in the case is recoverable by the prevailing party. Jones's submission indicates that she was charged for a pretrial conference transcript on February 3, 2009. Docket 186-2. This is well after Jones submitted her supplemental memorandum in opposition to NAU's post-trial motions. As such, the court finds that a transcript of the pretrial conference was not necessary and the costs taxed will not include the $35.50 for this transcript.

As previously addressed, copying costs may not be taxed if the parties incur them by copying their own pleadings and motions for filing with the court, serving opposing counsel, or transmitting to their clients. Sphere Drake Ins. PLC, 66 F. Supp. 2d at 1093. Rather, copying costs only include the cost of documents and exhibits used during the trial. The two copy costs that Jones submitted are not allowable because they were not copies made specifically for trial. Accordingly, Jones will not receive these requested copying costs.

## IV. Conclusion

Based upon the foregoing discussion, Jones is not entitled to an award of front pay. Jones is entitled to $36,890.53 for attorney's fees and sales tax. Jones is also entitled to the following costs. In relation to her initial Bill of Costs, first, the total of costs will be changed from $2,039.98 to $2,101.51 in accordance with the party's agreement. Second, Tom Shea's witness fees will be reduced from $385 to $227. Third, the $184.95 for the private process server will be subtracted. Fourth, $111.67 of the requested $690.61 will be added on the Bill of Costs for copying costs. Accordingly, pursuant to her initial Bill of Costs, Jones is entitled to $1,870.23. With regards to her Supplemental Bill of Costs, Jones is entitled to receive $758.43 for the trial transcript. Finally, as for her Second Supplemental Bill of Costs, Jones is not entitled to receive any additional costs. Thus, Jones is entitled to receive a total of $2,628.66 in costs.

Accordingly, it is hereby

ORDERED that plaintiff's motion for front pay (Docket 147) is denied.

IT IS FURTHER ORDERED that plaintiff's motion for attorney's fees (Docket 154) is granted in part and denied in part.

IT IS FURTHER ORDERED that defendant's motion requesting review and modification of the Clerk's Taxation of Costs (Docket 175) is granted in part and denied in part.

IT IS FURTHER ORDERED that plaintiff's motion requesting review and modification of the Clerk's Taxation of Costs (Docket 182) is granted in part and denied in part.

Dated July 8, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE