UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| KATHY D. JONES, | ) | CIV. 06-5075-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| vs. | ) | DEFENDANT'S MOTION FOR |
| | ) | JUDGMENT |
| NATIONAL AMERICAN UNIVERSITY, | ) | NOTWITHSTANDING THE |
| a division of Dlorah, Inc., | ) | VERDICT OR ALTERNATIVELY |
| | ) | FOR A NEW TRIAL |
| Defendant. | ) | |

Defendant, National American University (NAU), moves for judgment

notwithstanding the verdict or in the alternative for a new trial. Plaintiff,

Kathy D. Jones, opposes the motion. The motion is denied.

**BACKGROUND**

Jones worked as an Admissions Representative at the Rapid City

campus of NAU from 1998 until 2004. In the spring of 2004, she applied for

the position of Director of Enrollment Management, which is also commonly

referred to as Director of Admissions,[1] at the Rapid City campus and was not

hired.

Jones filed an employment discrimination lawsuit in federal court,

alleging that NAU discriminated against her on the basis of her age in

violation of the Age Discrimination in Employment Act when it did not offer

_____

[1] The court will refer to the position as Director of Admissions throughout
this opinion.

her the Director of Admissions position. A trial on this matter commenced on November 12, 2008, and ended on November 17, 2008. The jury returned a verdict in favor of Jones in the amount of $17,565. Docket 140.[2]

## DISCUSSION

## I.    Judgment Notwithstanding the Verdict

"Judgment as a matter of law is appropriate when there is no legally sufficient evidentiary basis for a reasonable jury to find for [the prevailing] party." Wash Solutions, Inc. v. PDQ Mfg., Inc., 395 F.3d 888, 892 (8th Cir. 2005). The court will grant a motion for judgment as a matter of law "when all the evidence points one way and is susceptible of no reasonable inferences sustaining the position of the nonmoving party." Ehrhardt v. Penn. Mut. Life Ins. Co., 21 F.3d 266, 269 (8th Cir. 1994). Judgment as a matter of law should be granted "when the record contains no proof beyond speculation to support a verdict." Wash Solutions, 395 F.3d at 892. In considering the motion, the court views the record in the light most favorable to the prevailing party. Id. The court must also assume that all conflicts in the evidence were resolved in favor of the prevailing party, and the court must assume as proved all facts that the prevailing party's evidence tended to prove. E.E.O.C. v. Kohler Co., 335 F.3d 766, 772 (8th Cir. 2003). The Eighth

_____

[2] The jury also found that Jones was entitled to prejudgment interest for a particular time period and found that NAU's conduct was willful. Docket 140.

Circuit has observed that "judges must be extremely guarded in granting judgments as a matter of law after a jury verdict."  Id.

## A.  Qualifications for the Director of Admissions Position

NAU argues that the evidence presented by Jones during the trial did not prove that NAU's explanation for why she was not selected for the Director of Admissions position was a mere pretext for intentional age discrimination.  More specifically, NAU argues that Jones did not establish pretext based on her qualifications because there was no admissible evidence that Jones was the most qualified candidate, there was no evidence refuting the committee's honest beliefs, and a jury instruction explaining honest belief was required.

### 1.  Admissible Evidence

NAU argues that trial exhibits 2, 35, and 36 were improperly admitted at trial over its objections.

#### a.  Trial Exhibit 2

NAU presented evidence that trial exhibit 101 was the official job posting for the Director of Admissions position.  Additionally, the individuals on the hiring committee testified that they relied on the job description in trial exhibit 102 in determining that the job required management, sales, and marketing experience.  Jones argued that trial exhibit 2 was another posting for the Director of Admissions position and states, contrary to trial exhibits 101 and 102, that prior admissions, rather than management experience,

was required. At trial, the court determined that no NAU witness could properly authenticate trial exhibit 2, but that Jones did properly authenticate the document. NAU argues that Jones did not provide sufficient authentication for trial exhibit 2 because the only information she offered regarding the exhibit was her testimony that she had seen the exhibit on the NAU bulletin board.

Federal Rule of Evidence 901(a) states that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." A matter may be authenticated by testimony from a witness who has knowledge that the matter is what its proponent claims it to be. Fed. R. Evid. 901(b)(1). The trial court has broad discretion in determining whether a document has been sufficiently authenticated by the witness and such a determination is reviewed for abuse of discretion. See United States v. Garrison, 168 F.3d 1089, 1092 (8th Cir. 1999).

The trial judge makes a preliminary determination of authenticity. See Fed. R. Evid. 901, Advisory Notes (stating "requirement of showing authenticity . . . is governed by the procedure set forth in Rule 104(b)").[3] The

---

[3] Rule 104(b) states, "[w]hen the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition."

standard for a preliminary showing of authenticity under Rule 901 is the presence of sufficient evidence for a reasonable person to determine that the evidence is what it purports to be.  See United States v. Johnson, 28 F.3d 1487, 1498 (8th Cir. 1994) (explaining that the government has established an adequate foundation upon which the jury might find that the signatures were those of the defendants).  See also 5 Weinstein's Federal Evidence § 901.02[2] (1999) (stating that Rule 901 is satisfied if proponent makes sufficient showing to allow reasonable person to believe the evidence is what it purports to be).  In determining whether there is sufficient threshold proof that the document is what the proponent claims it to be, the trial judge may base his findings on circumstantial evidence.  United States v. Long, 857 F.2d 436, 442 (8th Cir. 1988).

Once the trial judge determines there is sufficient evidence to allow a reasonable person to believe the evidence is what it purports to be, it may be admitted in evidence subject to the fact finder assessing what weight it will give it.  In other words, the trial judge serves a gate-keeping function with respect to matters of authentication.  United States v. Paulino, 13 F.3d 20, 23 (1st Cir. 1994).  Although the court's preliminary finding permits admission of the evidence, the jury is entitled to disregard the evidence if they are not satisfied that the evidence is genuine.  5 Weinstein's Federal Evidence at § 901.01[4].

Here, Jones testified that once the Director of Admissions position became open, NAU posted the job opening on the second floor of the main building on a bulletin board. Jones identified trial exhibit 2 as the posting she observed on the bulletin board at NAU regarding the position available at the Rapid City campus for the Director of Admissions position. Jones further testified that the posting she had observed stated that a minimum of three years post secondary recruiting experience was required. Docket 160 at 79-80.

Additionally, Darlene Poste testified that she observed trial exhibit 2, not trial exhibit 101, posted on the bulletin board on the second floor of NAU outside of the president's office. Poste noted that trial exhibit 2 stated that a bachelor's degree was required, which is what the admission representatives were also required to have during the time period she worked at NAU. Poste explained that trial exhibit 101 stated that a bachelor's degree was preferred, which presented a red flag as to why it was preferred when the admissions representatives which would have been under the director position were required to have a bachelor's degree. Docket 161 at 40.

The testimony of Jones coupled with the testimony of Poste is sufficient evidence for a reasonable person to determine that trial exhibit 2 is what it purports to be, that is, an NAU job posting for the Director of Admissions position. Although neither Jones nor Poste authored the job posting, the fact that they both observed the job posting hanging on a bulletin board inside an

NAU building is circumstantial evidence that NAU authored the job posting and hung it on the bulletin board to advertise the opening and the requirements of qualified candidates. Therefore, Rule 901 was satisfied and the court properly admitted trial exhibit 2 in evidence during the trial. Although trial exhibit 2 was admitted in evidence, the jury is entitled to disregard it if they are not satisfied that the exhibit is genuine. That is, the jury was to determine whether trial exhibit 2 or trial exhibit 101 was the job posting for the Director of Admissions position at NAU. Accordingly, Jones provided sufficient authentication for trial exhibit 2 and the court properly admitted it in evidence.

NAU also submits that trial exhibit 2 is hearsay because it was offered by Jones to prove the truth of the statement in that alleged job posting that the 2004 Director of Admissions position required prior admissions experience. Under Federal Rule of Evidence 801(d)(2)(A), "[a] statement is not hearsay if - [t]he statement is offered against a party and is . . . the party's own statement, in either an individual or a representative capacity." The comments to the rule state that "[n]o guarantee of trustworthiness is required in the case of an admission." Fed. R. Evid. 801, Advisory Notes. A party-opponent's declaration is admissible for any inference for which the trial court can reasonably draw from the statement regarding any issues involved in the case. United States v. Matlock, 415 U.S. 164, 172 94 S. Ct. 988, 994, 39 L. Ed. 2d 242 (1974) (citing proposed Fed. R. Evid. 801(d)(2)(A)). A

statement by a party may qualify as an admission regardless of the general requirements applicable to exceptions of the hearsay rule, such as foundation, trustworthiness, or personal knowledge.  See Mahlandt v. Wild Canid Survival & Research Center, Inc., 588 F.2d 626, 630-31 (8th Cir. 1978) and United States v. Porter, 544 F.2d 936, 938 (8th Cir. 1976).

Here, trial exhibit 2 is admissible as an admission by a party opponent, because the job posting was a statement made by NAU.  It is immaterial that no NAU employee or agent testified that trial exhibit 2 was the actual job posting for the Director of Admissions position because the requirements of foundation, trustworthiness, and personal knowledge are inapplicable to admissions.  Accordingly, trial exhibit 2 is not hearsay and the court properly admitted it in evidence during the trial.[4]

### b.    Trial Exhibits 35 and 36

NAU argues that trial exhibits 35 and 36 were also not properly authenticated and therefore should not have been admitted in evidence.  NAU contends that Richard Buckles lacked any personal knowledge to authenticate alleged postings from a separate campus at which he never

---

[4] Even if trial exhibit 2 was inadmissible based on insufficient authentication and hearsay, the court finds that the rest of the evidence presented by Jones as discussed below is sufficient to support a jury verdict in favor of Jones.  Such evidence includes evidence that NAU changed its explanation as to why it did not promote Jones to the Director of Admissions position combined with the fact that Buckles made two comments that the jury could infer demonstrated age discrimination.

worked and which were dated 2008 at which time he no longer worked for
NAU.

In relation to trial exhibit 35, Buckles testified that he did not draft it
and that it was drafted after his employment ended with NAU.  Docket 160 at
26-27.  But Buckles testified that he is familiar with the website at NAU and
that there is a section that displays employment opportunities.  Buckles
testified that on the website, an individual can look at job postings system-
wide for NAU.  Id. at 16-17.  When Jones's counsel handed Buckles trial
exhibit 35, Buckles testified that it "appear[ed] to be a position description
. . . for the distance learning campus president."  Id. at 17.  In addition,
when asked whether trial exhibit 35 was a document that is kept in the
regular course of business at NAU, Buckles answered "I would think so, yes."
Id. at 18.[5]  While observing trial exhibit 35, Buckles testified that the
preparer of the document made is clear in the job posting that management
experience was a requirement for the position.  Id. at 19.

With regards to trial exhibit 36, Buckles again testified that he did not
draft it and that it was drafted after his employment ended with NAU.
Docket 160 at 27.  Despite this, Buckles testified that it was an October 2008
position description for vice-president of academic operations and learner

---

[5] Attorney Nash objected to the admission of trial exhibit 35 based on
lack of foundation and the fact that the document was not disclosed.  Docket
160 at 18.

services.  When asked whether trial exhibit 36 was a document that is typically kept in the ordinary course of business at NAU, Buckles testified that he "would think so, yes." Id. at 19.[6]  After looking at trial exhibit 36, Buckles testified that in that situation, the hirer determined that management experience was essential or critical and specified it in the job listing.  Id. at 19-20.

As discussed above, under Rule 901 the standard for a preliminary showing of authenticity is the presence of sufficient evidence for a reasonable person to determine that the evidence is what it purports to be.  See Johnson, 28 F.3d at 1498.  The exhibits each contain the NAU seal and are in the same format as other position descriptions located on the NAU website employment opportunities section.  Moreover, Buckles testified that he is familiar with the NAU website and with the section of the website that displays employment opportunities within the NAU system.  Buckles testified that trial exhibit 35 appeared to be a position description for the NAU distance learning campus president and that trial exhibit 36 was a position description for vice-president of academic operations and learner services.  Buckles also testified that he thought that these job descriptions were kept in the regular course of business at NAU.  Thus, none of Buckles' testimony

---

[6] Attorney Nash did not object to the admission of trial exhibit 36. Docket 160 at 225.

indicates that the trial exhibits are not what they purport to be. The jury was entitled to determine whether the exhibits were genuine NAU job postings. Accordingly, the court finds that Jones provided evidence sufficient to authenticate both trial exhibits 35 and 36.[7]

NAU further submits that trial exhibits 35 and 36 are hearsay because they were offered by Jones to prove the truth of the assertions in the alleged 2008 job posting—that the positions required management experience and that was noted on the job posting. Under Federal Rule of Evidence 901(c), hearsay is defined as "a statement, other than one made by the declarant

---

[7] During a hearing outside the presence of the jury, the court noted that with regard to trial exhibit 35, NAU had objected in part based on the fact that Jones had not disclosed the exhibit prior to trial. The court explained that it allowed the trial exhibit to be received because it was an impeachment exhibit. Docket 160 at 55. Trial exhibit 35 was properly admitted as impeachment evidence. Before the trial exhibit was introduced, Jones's counsel asked Buckles if there was anything in writing prior to the interview process for the selection of the Director of Admissions that specified in the job posting that management experience was required, and Buckles answered that the requirement of management experience was not in the one liner where you might expect it to appear. Id. at 15. Buckles explained that the job posting did detail the duties of the position, some of which were inherently very strongly management. Jones's counsel then asked Buckles whether NAU would specify in the job posting that management experience is required when management is a critical factor for the position. Buckles responded that occasionally the management requirement is on the job posting. Buckles also testified that what he saw at the Rapid City campus was not enough of a view of the job descriptions within the system to be able to answer whether the management requirement would be specified on the job posting with regards to a job in which management was critical. Id. at 15-16. Trial exhibit 35 was impeachment evidence that demonstrated that NAU does in fact put a management requirement on the job posting when it deems it necessary.

while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Contrary to NAU's assertion, these trial exhibits are not hearsay because they are not offered to prove the truth of the matter asserted. These exhibits were not offered to prove that the distance learning campus president position and the vice-president of academic operations and learner services position require management experience. Rather, these exhibits were offered to demonstrate that NAU did include a management experience requirement in job postings for the Rapid City campus when management experience was a requirement for the position. Accordingly, these exhibits are not hearsay and were properly admitted in evidence.[8]

Because trial exhibits 2, 35, and 36 were properly admitted in evidence, there is evidence supporting Jones's pretext claim that she was the most qualified job candidate.

### 2. Committee's Honest Beliefs

NAU argues that even if trial exhibits 2, 35, and 36 were properly admitted at trial, the trial evidence is still insufficient to satisfy Jones's ultimate burden to establish intentional age discrimination by NAU. NAU asserts that in determining whether it engaged in intentional age

---

[8] Similar to trial exhibit 2, even if trial exhibits 35 and 36 were inadmissible based on insufficient authentication and hearsay, the court finds that the rest of the evidence presented by Jones as discussed below is sufficient to support a jury verdict in favor of Jones. Such evidence includes evidence that NAU changed its explanation as to why it did not promote Jones to the Director of Admissions combined with the fact that Buckles made two comments that could indirectly demonstrate age discrimination.

discrimination, the focus should be on whether NAU's hiring committee established its honest belief in the nondiscriminatory facts that led to its decision, not whether, in hindsight, some of the facts it honestly believed were mistaken. NAU urges that the hiring committee relied on its honest belief that trial exhibit 102, not trial exhibit 2, established the hiring criteria for the Director of Admissions position and that under that exhibit, the primary hiring criteria was management, sales, and marketing experience.

NAU cites <u>McNary v. Schreiber Foods, Inc.</u>, 535 F.3d 765 (8th Cir. 2008) and <u>Scroggins v. University of Minnesota</u>, 221 F.3d 1042 (8th Cir. 2000) in support of its honest belief position. In <u>McNary</u>, McNary alleged that Schreiber terminated him in violation of the Americans with Disabilities Act. 535 F.3d at 766. The district court granted Schreiber's motion for summary judgment, finding that McNary failed to show that there was a genuine issue of material fact as to whether Schreiber's proffered reason for McNary's termination was pretextual. The court noted that Schreiber articulated that it terminated McNary because he had violated a company policy that prohibited sleeping on the job and that such rational was a legitimate, non-discriminatory rationale for termination of McNary. McNary argued that he did not actually violate company policy because he was not sleeping and therefore Schreiber discriminated against him when it fired him. <u>Id.</u> at 769. But, the Eighth Circuit stated that "[a] proffered legitimate, non-discriminatory reason for termination need not, in the end be correct if the

employer honestly believed the asserted grounds at the time of the termination." Id. The court explained that McNary did not produce facts showing that Schreiber acted based on discriminatory animus for McNary's disability. Id. at 770.

Similarly, in Scroggins, Scroggins alleged that the University's decision to suspend him was racially motivated and that the University's decision to terminate him was retaliation. 221 F.3d at 1043. The Eighth Circuit noted that the University articulated that it terminated Scroggins because he violated work policy. The court determined that Scroggins failed to produce evidence that the University's reason for firing him was pretextual because he offered no evidence to dispute testimony that he was fired for taking an unauthorized break. The court explained that the relevant inquiry is whether the University believed that Scroggins was guilty of the conduct which justified the discharge. The court found that there was no evidence that suggested anything other than the University's honest belief. Id. at 1044-45.

These cases are distinguishable from the present case and therefore the court finds them unpersuasive in this instance. McNary and Scroggins are premised on the fact that the plaintiff was terminated from a position, whereas here the case is premised on the fact that Jones was not promoted to a position. Further, in both McNary and Scroggins, the plaintiffs offered no evidence to dispute the employer's testimony that they were fired for taking an unauthorized break. In both cases, the court noted that the

14

relevant inquiry was whether the employer believed the employee engaged in conduct that justified termination and that there was no evidence suggesting anything other than the employer's honest belief. In this case, while NAU submits that its hiring committee honestly believed that Jones was not the most qualified individual for the position, there is evidence suggesting that they did not honestly believe this. Significantly, Jones introduced trial exhibit 2 which, if believed by the jury to be the genuine job posting for the Director of Admissions and the document that was relied upon by the hiring committee when making their hiring decision, demonstrates that NAU may not have been acting based on honest beliefs. Rather, it shows that NAU knew that Jones was qualified for the position and also knew that Angela Beck, the person NAU hired for the position, was not qualified.[9] The jury was presented with two different scenarios and chose the one it believed to be most credible. Therefore, the court finds that evidence submitted during trial was sufficient to establish intentional age discrimination.

Indeed, "[p]roof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of

---

[9] The fact that the members of the hiring committee testified that they relied on trial exhibit 102 to make its hiring decision regarding the Director of Admissions position does not preclude Jones from arguing that the hiring committee actually relied on trial exhibit 2. Instead, it presents the jury with a credibility decision, in which the jury must determine whether it believes the committee members' testimony that they relied on the qualifications set forth in trial exhibit 102 when making the hiring decision.

intentional discrimination, and it may be quite persuasive." <u>Reeves v.</u>

<u>Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133, 147, 120 S. Ct. 2097,

2108, 147 L. Ed. 2d 105 (2000). Under certain situations, "the trier of fact

can reasonably infer from the falsity of the explanation that the employer is

dissembling to cover up a discriminatory purpose. Such an inference is

consistent with the general principle of evidence law that the factfinder is

entitled to consider a party's dishonesty about a material fact as affirmative

evidence of guilt." <u>Id.</u> Furthermore, "once the employer's justification has

been eliminated, discrimination may well be the most likely alternative

explanation, especially since the employer is in the best position to put forth

the actual reason for its decision." <u>Id.</u> at 147. Applying these principles to

the instant case, the court finds that Jones introduced evidence that based

on trial exhibit 2, what she observed as NAU's job posting, she was qualified

for the position and Beck was not. The jury could have reasonably inferred

from this evidence that NAU was not truthful about the reason it did not hire

Jones and instead intentionally discriminated against her based on her age.

### 3. Jury Instruction Regarding Honest Belief

NAU also argues that the court erred because it failed to instruct the

jury about "honest belief." NAU proposed a jury instruction stating that "[i]n

determining whether Defendant National American University's decision not

to hire plaintiff, Kathy Jones, for the 2004 Director of Admissions position

was or was not based on Ms. Jones' age in violation of the federal Age

Discrimination in Employment Act, you may consider the honest beliefs held by the decision makers for that position at the time the hiring decision was made." Docket 133. NAU's proposed instruction further stated that "[d]ecision makers can demonstrate a nondiscriminatory reason for an employment decision where the decision makers demonstrate that they made their decision based on their honest belief in nondiscriminatory facts even if one or more of those nondiscriminatory facts turns out not to be true." Id. In support of its proposed jury instruction, NAU cited McNary, Scroggins, and Hitt v. Harsco Corp., 356 F.3d 920 (8th Cir. 2004).

Jones opposed NAU's proposed jury instruction, arguing that the instruction regarding pretext adequately covered what was being addressed in NAU's proposed instruction. The court rejected NAU's proposed instruction, noting that the cases cited by NAU all dealt with a situation in which an employee was terminated, not where an employee was not promoted. The court opined that the standard on a termination as compared to a promotion is not necessarily the same. Docket 162 at 12. The court agrees with the reasons it previously set forth for rejecting NAU's proposed jury instruction and the reasons it discussed above with regards to the hiring committee's honest beliefs. And inclusion of the jury instructions would be an improper comment on the evidence.

Further, even if NAU's proposed instruction was supported by the evidence, the jury instructions, as a whole, adequately instructed the jury in

relation to age discrimination. A district court has broad discretion in its decision to give particular jury instructions. The jury instructions, taken as a whole and viewed in the light of the evidence and applicable law, must fairly and adequately submit the issues in the case to the jury. Many errors are harmless and the judgment will not be reversed unless the alleged error was prejudicial. Burry v. Eustis Plumbing & Heating, Inc., 243 F.3d 432, 434 (8th Cir. 2001). Here, the court instructed the jury that in order for Jones to prove her age discrimination claim, she had to established that NAU failed to promote her and that her age was a determining factor in NAU's decision. Docket 137 at 6. The court further instructed the jury that it could not return a verdict for Jones just because it might disagree with [NAU's] decision or believe it to be harsh or unreasonable." Id. at 7. Both of these instructions are based on Eighth Circuit pattern jury instructions whereas NAU's proposed instruction is a paraphrased sentence pulled from a case. The jury received instructions on the elements that Jones had to prove and on the business judgment rule, which is crucial to a fair presentation of the case. Therefore, the court finds that its final jury instructions fairly and adequately submitted the issues to the jury.

**B. Changed Reasons**

NAU argues that Jones presented no evidence that it changed its hiring explanation over time. As a result, NAU alleges that the court erroneously issued a "changed reasons" pretext instruction to the jury. NAU also argues

that the court erred by permitting Jones's counsel to question NAU witnesses about NAU's EEOC charge response, which had been specifically excluded from evidence by the court.

The court instructed the jury that "[p]retext may be shown with evidence that the employer's reasons for its employment decision has changed substantially over time." Docket 137 at 6. As the court previously explained during the settlement of jury instructions, although this is not an Eighth Circuit pattern jury instruction, it is the law in the Eighth Circuit. Docket 161 at 234. <u>See</u> <u>Loeb v. Best Buy Co.</u>, 537 F.3d 867, 873 (8th Cir. 2008) (stating "[p]retext may be shown with evidence that the employer's reason for the termination has changed substantially over time"). The court further noted that there was nothing in this statement that implies that NAU's reason for not promoting Jones did change, it just indicates that if the jury finds that the reason has changed, that may be evidence of pretext. Docket 161 at 235.

In addition to being a correct statement of law, the evidence presented during the trial supported giving this instruction to the jury. Richard Buckles, Peggy Schlechter, Lois Facer, and Jason Warr were the four individuals on the hiring committee. Docket 161 at 77. Jones's counsel questioned Buckles, Schlechter, and Warr about whether they had previously stated that the fact Jones consistently received moderate to low scores on her semi-annual reviews and that she consistently had a mediocre performance

was a determinative factor in their decision not to hire Jones. The witnesses answered that they did not provide such an explanation for their decision. Docket 159 at 186-187; Docket 161 at 158-159; Docket 161 at 205.[10] Further, Facer testified that she did not know Jones's performance so it was not a factor for her in the employment decision. Docket 161 at 114. In fact, the witnesses all testified that the primary reason they did not promote Jones to the Director of Admissions position was because she was not qualified for the position. More specifically, the hiring committee believed that Jones lacked the necessary management skills and new ideas to succeed as the Director of Admissions. Docket 159 at 186-187; Docket 161 at 86; Docket 161 at 131; Docket 161 at 204.

The court finds that the above testimony demonstrates that a reasonable jury could find that initially NAU represented that it did not promote Jones to the Director of Admissions position because of her poor past performance, but later, NAU expressed that it did not promote Jones because she was unqualified for the position. Accordingly, the court finds that there was sufficient evidence presented to the jury for it to find that NAU changed its explanation for not promoting Jones to the Director of

---

[10] Buckles, Schlechter, and Warr did testify that although Jones's past performance was not a key reason that the committee decided not to offer the position to Jones, it was a factor that they considered in making their determination. But none of these individuals could testify as to Jones's specific performance issues. Docket 159 at 186-187; Docket 161 at 132; Docket 161 at 205.

Admissions position.  As such, the court finds that the "changed reasons" jury instruction was proper under the facts of this case.

Even if the instruction was not proper, it was harmless error because it was not prejudicial to NAU.  The instruction, when viewed in the light of all the instructions as a whole, the evidence, and the arguments that the jury heard, did not mislead, prejudice, or confuse the jury.  When instructing the jury on the elements of Jones's age discrimination claim, the court instructed the jury that they may find age was a determining factor in NAU's decision if they found that NAU's stated reasons for its decision were not the real reasons but were a pretext to hide age discrimination.  Docket 137 at 6. Thus, the jury was informed that they could consider whether NAU was truthful in their assertions as to why they did not promote Jones.

Moreover, the court properly allowed Jones's counsel to question NAU witnesses about NAU's EEOC charge response even though the document itself was excluded from evidence because such questions were used to impeach NAU's witnesses as to the reasons provided by NAU for not promoting Jones.  The trial judge has considerable discretion in determining whether testimony is inconsistent with prior statements; inconsistency is not limited to diametrically opposed answers but may be found in evasive answers, inability to recall, silence, or changes of position.  United States v. Rogers, 549 F.2d 490, 495-96 (8th Cir. 1976).  Prior inconsistent statements may be admitted as substantive evidence.  Whether to admit them as

substantive evidence or to limit their use to impeachment is within the broad discretion of the trial court.  Id.

The court finds that Jones's counsel properly impeached members of NAU's hiring committee with previous statements made by NAU in its EEOC charge response.  Jones's counsel specifically asked Schlechter whether she was the source of information contained in a January 2005 document.  Such information included the fact that Jones consistently received moderate to low scores on her semi-annual review, that the highest score she ever received was 68.5 out of 100, and that she had consistently mediocre performance.  Schlechter responded that she did not provide that information.  Docket 161 at 158-159.  Similarly, the other hiring committee members denied knowing such detailed information about Jones's performance.  Accordingly, the reasons that NAU did not promote Jones contained within the EEOC charge response were inconsistent or appeared to be different from the statements made by the members of the hiring committee during trial.  Thus, the court properly allowed Jones's counsel to use statements from the NAU charge response to impeach NAU witnesses.

### C.  Buckles' Alleged Remarks

NAU argues that the two alleged remarks made by Buckles do not support a finding that NAU engaged in age discrimination because the court has found that these alleged remarks were stray and age-neutral.  In its order denying in part and granting in part defendant's motion for summary

judgment, the court found that the two comments, if made, were not direct evidence of age discrimination. Docket 57 at 9. But the court never stated that such remarks could not act as indirect evidence of age discrimination. The court recognizes that it is well-settled that stray remarks by nondecisionmakers, or remarks by decisionmakers that are unrelated to the decisional process are not direct evidence of age discrimination. But, in a pretext case, such comments are surely the kind of fact which would cause a reasonable trier of fact to hesitate to look at the defendant's justification more skeptically. It follows that such comments provide additional threads of evidence that are relevant to the jury. Ryther v. KARE 11, 108 F.3d 832, 844-45 (8th Cir. 1997). Accordingly, if the jury found that Buckles did make these statements, this evidence coupled with the evidence discussed above provides a sufficient basis to sustain a finding that NAU engaged in age discrimination when it did not promote Jones to the Director of Admissions position.

### D. Contradictory Evidence

NAU contends that the evidence not only fails to support the verdict but it also contradicts it. Although NAU presented evidence that it did not discriminate against Jones based on age when it failed to promote her to Director of Admissions, Jones presented evidence that NAU did engage in such behavior. Jones submitted evidence that if believed by the jury is sufficient to support a finding that NAU engaged in age discrimination.

Accordingly, the fact that NAU submitted contradictory evidence does not mean that the jury's verdict must be set aside, rather it demonstrates that the jury believed the evidence introduced by Jones.

## II.   New Trial

Under Federal Rule of Civil Procedure 59(a), the court may grant a motion for a new trial to all or any of the parties on all issues or on particular issues. The standard for granting a new trial is whether the verdict is "against the great weight of the evidence." Butler v. French, 83 F.3d 942, 944 (8th Cir. 1996). In evaluating a motion for a new trial under Rule 59(a), the court must determine "whether a new trial is necessary to prevent a miscarriage of justice." Maxfield v. Cintas Corp., No. 2, 563 F.3d 691, 694 (8th Cir. 2009).

### A.  Weight of the Evidence

NAU argues that it is entitled to a new trial because the trial evidence overwhelmingly contradicts the jury's verdict. NAU urges that while its hiring committee presented uncontradicted evidence of its honest and nondiscriminatory belief that the candidates that it selected were more qualified than Jones, Jones presented no evidence that this explanation was false or that the real reason for NAU's decision was her age. As explained above, Jones submitted evidence that based on trial exhibit 2, she was qualified for the position and Beck was not; the NAU hiring committee did not honestly believe Beck was the most qualified candidate for the position; NAU

changed its explanation for not promoting Jones; and Buckles made two remarks that could be reasonably inferred to be discriminatory towards older people. While NAU presented evidence that was inconsistent with the evidence submitted by Jones, the jury chose to believe the evidence put forth by Jones. All of the evidence submitted by Jones, coupled together, is sufficient to support the jury's verdict. As such, a new trial is not appropriate solely because NAU thinks that its evidence was more persuasive than Jones's evidence.

### B.  Various Trial Errors

NAU argues that it is also entitled to a new trial because it was unfairly prejudiced by the various errors made by the court during trial.

### 1.  Trial Exhibits 2, 35, 36 and Committee's Honest Belief

As discussed above, the court's admission of trial exhibits 2, 35, and 36 was proper because these documents were sufficiently authenticated and did not constitute hearsay. Additionally, the court was not required to instruct the jury on the committee's honest belief that Jones was not the most qualified candidate for the Director of Admissions position. The jury instructions adequately set forth the law in relation to a claim of age discrimination and therefore there was no miscarriage of justice.

### 2.  Improper Impeachment

The court has already explained why impeachment of the members of NAU's hiring committee with NAU's EEOC charge response was appropriate.  NAU does not specifically note any additional instances of improper impeachment and as such the court cannot individually address those.  But, as emphasized above, the court has wide discretion in determining whether testimony is "inconsistent" with prior statements.  Moreover, inconsistency is not limited to diametrically opposed answers but may be found in evasive answers, inability to recall, silence, or changes of position.  Rogers, 549 F.2d at 495-96.

### 3.  "Changed Reasons" Jury Instruction

Based on the testimony at trial, the court previously determined that the reasons that NAU did not promote Jones contained within the EEOC charge response were inconsistent or appeared to be different from the statements made by the members of the hiring committee during trial.  Because there was evidence that NAU changed its explanation as to why it did not promote Jones, a jury instruction regarding this was proper.

### 4.  Misstatements of the Evidence

Finally, NAU contends that because Jones's counsel made at least four egregious misstatements of evidence during his closing argument, a new trial is required.  "Argument of counsel is a procedural question to be determined by federal law."  Vanskike v. Union Pacific R.R. Co., 725 F.2d 1146, 1149 (8th

Cir. 1984).  Under federal law, the trial court has considerable discretion in controlling closing arguments, and the district court's ruling will only be overturned if there is an abuse of that discretion.  Id.  NAU did not object when these alleged misstatements were made by Jones's counsel.  In its preliminary instructions and final instructions, the court told the jury that statements made by counsel are not evidence in the case, and that they are the judges of the facts.  Docket 115 and Docket 137.  In addition, the alleged misstatements either had factual underpinning, or were adequately rebutted by NAU's arguments or evidence.[11]  Accordingly, the court will not grant a new trial.

Based on the foregoing, it is hereby

ORDERED that defendant's motion for judgment notwithstanding the jury verdict or, alternatively, for a new trial (Docket 149) is denied.

IT IS FURTHER ORDERED that defendant's motion to stay enforcement of judgment (Docket 151) is denied as moot.

Dated July 8, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE

---

[11] Even if Jones's counsel made improper arguments, NAU's failure to object when the statements were made, and the court's finding that the arguments did not prejudice the jury is sufficient to deny a new trial.  See Caldarera v. Eastern Airlines, Inc., 705 F.2d 778 (5th Cir. 1983).